*E-Filed: February 28, 2014*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CELINA GALINDO, ET AL.,<br><br>  Plaintiffs,<br>   v.<br><br>LEE TASSIO, INDIVIDUALLY AND AS AN OFFICER OF THE SAN JOSE POLICE DEPARTMENT, ET AL.,<br><br>  Defendants.<br>_____/ | No. C13-00105<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>[Re: Docket No. 21] |

This case arises from the fatal shooting of Valente Galindo in his home by Officer Lee Tassio. Plaintiffs, children of the decedent, sue Tassio and Officer Anthony Kilmer (collectively, "Defendants") pursuant to 42 U.S.C. § 1983 for violation of Galindo's rights under the Fourth and Fourteenth Amendments, as well as related state law claims for wrongful death and negligence. *See* Complaint, Dkt. 1. Defendants move for summary judgment or, in the alternative, partial summary judgment, on all claims for relief. *See* Defendants' Motion for Summary Judgment, Dkt. 21 ("Motion"). Plaintiffs oppose the motion. *See* Plaintiffs' Opposition to Defendants' Motion, Dkt. 55 ("Opp'n"). The parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Upon consideration of the moving and responding papers, as well as arguments of counsel at the hearing on February 11, 2014, the motion is GRANTED IN PART and DENIED IN PART.

**BACKGROUND**

Without a warrant, Tassio followed Manuel Fuentes into the Galindo residence to detain Fuentes. Tassio pushed Fuentes in the back down a narrow hallway. Lying face first on the ground, Fuentes pulled out a handgun and tossed it to his left into a bedroom where Galindo and Cynthia Barragan were seated on a bed. Tassio called out to Kilmer, who had followed him inside, "He's got a gun." Tassio moved into doorway of the bedroom and shot Galindo once in the chest.

Tassio informed Kilmer that he had been involved in a shooting, and Kilmer radioed for assistance at 11:28 pm. Tassio held Galindo and Barragan at gunpoint and advised them to lay still and keep their hands visible. Galindo continued to move his hands around stating that he was just trying to sit up and catch his breath. Tassio threatened to shoot him again if he kept moving his hands. Galindo was then handcuffed, and Kilmer applied pressure to the wound until EMS arrived. Because Galindo was able to converse, the officers determined that CPR would not have been beneficial. Emergency Medical Services arrived on scene at 11:33 pm, but they were delayed entry until the residence was deemed secure at 11:34 pm.

Plaintiffs' first claim for relief alleges that Tassio and Kilmer violated Galindo's Fourth Amendment rights in employing unnecessary and excessive force by shooting an unarmed Galindo, then acting with reckless disregard by handcuffing him and ignoring his pleas for medical attention. Plaintiffs' second claim for relief alleges that the same conduct violates Galindo's Fourteenth Amendment rights. Plaintiffs third and fourth claims are for wrongful death and negligence, respectively.

Defendants move for summary judgment on the grounds that Tassio's use of force was objectively reasonable in view of the undisputed facts that Galindo grabbed Fuentes' gun and pointed it at Tassio before Tassio shot him; Kilmer did not use any force against Galindo; and Defendants timely rendered medical aid. Moreover, even if Galindo was deprived of some constitutional right, Defendants are entitled to qualified immunity. Similarly, Plaintiffs' state law claims for wrongful death and negligence fail because Defendants acted reasonably and are entitled to immunity pursuant to Cal. Govt. Code § 820.2.

Plaintiffs oppose the motion because several material facts are in genuine dispute, including whether Galindo reached for, grabbed, or pointed the gun at Tassio, and whether Tassio ever issued a warning before shooting. Thus, taking the facts in the view most favorable to Plaintiffs, Tassio's use of deadly force was clearly unreasonable such that he is not entitled to qualified immunity. Similarly, summary judgment should be denied as to Plaintiffs' state law claims because there are genuine disputes as to the reasonableness of Defendants' actions, and qualified immunity does not apply. At the hearing, Plaintiffs acknowledged that Kilmer was not liable for the shooting itself, but that he was liable for failing to timely render medical assistance.

## LEGAL STANDARD

A motion for summary judgment should be granted if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party bears the initial burden of informing the court of the basis for the motion, and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits which demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In order to meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

If the moving party meets its initial burden, the burden shifts to the non-moving party to produce evidence supporting its claims or defenses. *See Nissan Fire & Marine Ins. Co., Ltd.*, 210 F.3d at 1102. The non-moving party may not rest upon mere allegations or denials of the adverse party's evidence, but instead must produce admissible evidence that shows there is a genuine issue of material fact for trial. *See id.* A genuine issue of fact is one that could reasonably be resolved in favor of either party. A dispute is "material" only if it could affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248-49.

"When the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'" *Devereaux*

*v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (quoting *Celotex Corp.*, 477 U.S. at 325). Once the moving party meets this burden, the nonmoving party may not rest upon mere allegations or denials, but must present evidence sufficient to demonstrate that there is a genuine issue for trial. *Id.*

## DISCUSSION

A.  Section 1983

"Section 1983 provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990). Defendants assert that Plaintiffs have failed to raise genuine disputes of material fact as to their allegations that Galindo was deprived of rights secured by the Fourth and Fourteenth Amendments, and in any case, they are protected by qualified immunity.

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established law.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). In resolving qualified immunity claim, courts generally follow a two-step analysis: (1) whether the facts taken in the light most favorable to the party asserting the injury show that the defendants conduct violated a constitutional right; and (2) whether the right was clearly established. *Id.* at 232; *Saucier v. Katz*, 533 U.S. 194, 201 (2001). To determine that the law was clearly established, the "contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). While these are "purely legal" questions for the court, "[i]f a genuine issue of material fact exists that prevents a determination of qualified immunity at summary judgment, the case must proceed to trial." *Serrano*, 345 F.3d at 1077.

1. Deprivation of Galindo's Fourth Amendment Rights (Claim One)

"[A]ll claims that law enforcement officers have used excessive force – deadly or not – in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard . . . ." *Graham v. Connor*, 490 U.S. 386, 395 (1989). "Determining whether the force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion

4

on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Graham*, 471 U.S. at 396. "First, we assess the gravity of the particular intrusion on Fourth Amendment interests by evaluating the type and amount of force inflicted. Second, we assess the importance of the government interests at stake by evaluating: (1) the severity of the crime at issue, (2) whether the suspect posed an immediate threat to the safety of the officers or others, and (3) whether the suspect was actively resisting arrest or attempting to evade arrest by flight. Third, we balance the gravity of the intrusion on the individual against the government's need for that intrusion to determine whether it was constitutionally reasonable." *Miller v. Clark County*, 340 F.3d 959, 964 (9th Cir. 2003).

### a. Use of Deadly Force

Defendants assert that the shooting was reasonable because Galindo grabbed Fuentes' gun and pointed at Tassio after Tassio warned him not to touch it. However, according to Plaintiffs, Galindo was just getting up from the bed and did not so much as reach for the gun before Tassio shot him in the chest without warning. Nevertheless, Defendants argue that its statement of facts is undisputed because Plaintiffs' version of events depends on Barragan's declaration, which should be struck pursuant to the "sham affidavit" rule because it clearly contradicts her prior statements without explanation. The Court disagrees. Although Barragan did previously testify that at some point she could not see Galindo's right hand, that does not necessarily contradict her later statement that Galindo did not have a gun in his hand. She was seated on the bed six inches away from him and can reasonably infer that he did not reach for or point a gun at Tassio even if she was not looking at his right hand 100% of the time. To the extent that Barragan's statements are inconsistent, that is a matter of credibility and weighing of evidence best left to a jury. Accordingly, Barragan's declaration is admissible, and Plaintiffs have produced sufficient evidence to raise genuine disputes as to their allegations that Galindo never reached for the gun and that Tassio failed to issue a warning.

Taking the facts in the view most favorable to the Plaintiff, Tassio's use of deadly force was unreasonable in violation of Galindo's Fourth Amendment rights. It should go without saying that the first prong, type and amount of force inflicted, weighs heavily in favor of Plaintiffs, as the use of

deadly force is the most severe possible intrusion on an individual's Fourth Amendment interest. The second prong, government interest at stake, also weighs heavily in favor of Plaintiffs because Galindo: (1) had committed no crime; (2) did not pose an immediate threat to the safety of the officers; and (3) was not actively resisting arrest or attempting to evade arrest by flight. On balance, the intrusion on Galindo's rights greatly outweighs the government's need for the intrusion.

Furthermore, there is no question that shooting an unarmed individual in the chest without warning violates clearly established rights where the individual poses no immediate threat to the safety of officers or the public. *See, e.g.*, *Harris*, 126 F.3d at 1201. Accordingly, viewing the facts most favorably to Plaintiffs, Tassio is not entitled to qualified immunity on summary judgment.

### b. Failing to Timely Render Medical Assistance

The Ninth Circuit has stated that "[d]ue [p]rocess requires that police officers seek the necessary medical attention for a detainee when he or she has been injured while being apprehended by either promptly summoning the necessary medical help or by taking the injured detainee to a hospital." *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1415 (9th Cir. 1986). However, while maintaining that "*Maddox* sets the standard for objectively reasonable post-arrest care," the Ninth Circuit has analyzed claims of failure to provide adequate medical care to an arrestee under the Fourth Amendment. *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1098-99 (9th Cir. 2006). In doing so, it "h[e]ld that a police officer who promptly summons the necessary medical assistance has acted reasonably, even if the officer did not administer CPR." *Id.* at 1099.

Here, Defendants produced evidence demonstrating that they immediately called for medical assistance after the shooting and that Kilmer aided Galindo by applying pressure to his wound. EMS arrived in five minutes, and Defendants acted reasonably in delaying their entry into the house an additional minute while they ensured that the residence was secure.

Plaintiffs did not address this issue in their opposition brief or attach any evidence to support their allegation. At the hearing, Plaintiffs stated that they had an expert in police tactics who would testify that Galindo's medical needs should have been a priority, but they conceded they had no evidence that the one minute delay made any difference. In any case, the undisputed facts

6

demonstrate that Defendants conduct after the shooting was reasonable and did not amount to a constitutional deprivation of Galindo's rights.

### 2. Deprivation of Fourteenth Amendment Rights (Claim Two)

Plaintiffs' claim for deprivation of Galindo's Fourteenth Amendment rights is based on the same conduct as the first claim for deprivation of this Fourth Amendment rights. As stated above, "all claims that law enforcement officers have used excessive force – deadly or not – in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard . . . ." *Graham v. Connor*, 490 U.S. 386, 395 (1989). "Substantive due process analysis is therefore inappropriate . . . if [plaintiffs'] claim is 'covered by' the Fourth Amendment." *County of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998). Here, the Fourth Amendment applies because "there is a governmental termination of freedom of movement *through means intentionally applied*." *Id.* at 844 (emphasis in original). Plaintiffs' Fourteenth Amendment claim even alleges that Defendants employed "excessive force in decedent's restraint and detention . . . by shooting him." Thus, the Fourteenth Amendment substantive due process analysis is inappropriate, and Defendants are entitled to summary judgment on this claim.

### B. State Law Claims – Wrongful Death (Claim Three) and Negligence (Claim Four)

"[F]ederal civil rights claims of excessive use of force are the federal counterpart to state battery and wrongful death claims . . . ." *Brown v. Ransweiler*, 171 Cal. App. 4th 516, 527 n.11 (2009). "In both, a plaintiff must prove that the peace officer's use of force was unreasonable . . . [which is] analyzed under the reasonableness standard of the Fourth Amendment to the United States Constitution." *Id.* at 527. For the same reasons discussed above, Plaintiffs have raised a genuine dispute as to whether Tassio's use of deadly force was unreasonable sufficient to support their claims for wrongful death and negligence. *See Young v. County of Los Angeles*, 655 F.3d 1156, 1170 ("[T]he Fourth Amendment violation . . . also suffices to establish the breach of a duty of care under California law.") (citing *Munoz v. City of Union City*, 120 Cal. App. 4th 1077, 1108-09 (2004)). Nevertheless, Defendants assert that they are protected by Cal. Govt. Code § 820.2. "But it has long been established that [§ 820.2] does not apply to officers who use unreasonable force in making an arrest." *Blankenhorn v. City of Orange*, 485 F.3d 463, 487 (9th Cir. 2007)

(citing *Scruggs v. Haynes*, 252 Cal. App. 2d 256 (1967)).  Accordingly, Defendants are not entitled to summary judgment on the state law claims based on Tassio's use of excessive force in shooting Galindo.

## CONCLUSION

Plaintiffs raise genuine disputes of material fact as to whether Tassio's shooting was unreasonably excessive in violation of Galindo's clearly established Fourth Amendment rights. Accordingly, Tassio is not entitled to summary judgment on Claims One, Three, and Four. However, the Court also finds Tassio did not fail to render timely medical assistance, and he is entitled to summary adjudication of that issue.  Moreover, Plaintiffs have not raised a genuine dispute of material fact as to whether Tassio deprived Galindo of his Fourteenth Amendment rights, and Tassio is entitled to summary judgment on Claim Two.

Plaintiffs concede that that Kilmer is not liable for the shooting, and they have not raised a genuine dispute of material fact as to whether he failed to provide adequate medical care or otherwise acted unreasonably.  Therefore, Kilmer is entitled to summary judgment on all claims.

Accordingly, Defendants' motion is GRANTED IN PART and DENIED PART.

**IT IS SO ORDERED.**

Dated:  February 28, 2014

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C13-00105 HRL Notice will be electronically mailed to:**

Dale Kristopher Galipo    dkg.courtmail@yahoo.com, aboone@galipolaw.com, dalekgalipo@yahoo.com, evalenzuela@galipolaw.com, knaveb@galipolaw.com, lcostanza@galipolaw.com, rleblanc@galipolaw.com, rvalentine@galipolaw.com, rvasquez@galipolaw.com, tseabaugh@galipolaw.com

Jaime Alejandro Leanos    jleanoslaw@pacbell.net, florysel-leanos@pacbell.net, vdewanlaw@gmail.com

Nora Valerie Frimann    cao.main@sanjoseca.gov

Paul Francis Caputo    paul@caputolaw.com, marsha@hawkins-law.com

Randolph S. Hom    randolph.hom@sanjoseca.gov, alicemshore@yahoo.com, cao.main@sanjoseca.gov

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**