DALE K. GALIPO— SBN: 144074
LAW OFFICES OF DALE K. GALIPO
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone:     (818) 347-3333
Facsimile:     (818) 347-4118
E-mail:        dalekgalipo@yahoo.com

PAUL F. CAPUTO—SBN: 144592
HAWKINS · CAPUTO
96 North Third Street, Suite 300
San Jose, CA 95112
Telephone:     (408) 280-7111
Facsimile:     (408) 292-7868
E-mail:        paul@caputolaw.com

JAIME A. LEAÑOS—SBN: 159471
MORALES & LEAÑOS
75 E. Santa Clara Street, Suite 250
San Jose, CA 95113
Telephone:     (408) 294-6800
Facsimile:     (408) 294-7102
E-mail:        jleanoslaw@pacbell.net

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| CELINA GALINDO, SABRINA GALINDO and V.G., IV, a minor, by and through his Guardian Ad Litem GINA PADILLA, <br><br> Plaintiffs, <br><br> v. <br><br> LEE TASSIO, individually and as an Officer of the San Jose Police Department, and DOES 1-10, inclusive, <br><br> Defendants. | CASE NO. CV 13-0105 HRL <br><br> **FIRST AMENDED COMPLAINT FOR DAMAGES** <br><br> 1. 42 U.S.C. §1983 & 1981 (Fourth Amendment) <br> 2. 42 U.S.C §1983 & 1981 (Due Process & Fourteenth Amendment) <br> 3. Wrongful Death <br> 4. Negligence <br><br> **[JURY TRIAL DEMANDED]** |

1

FIRST AMENDED COMPLAINT FOR DAMAGES

Plaintiffs CELINA GALINDO, SABRINA GALINDO and V.G., IV, a minor, by and through his Guardian ad Litem, GINA PADILLA, hereby allege as follows:

**INTRODUCTION**

1.     On December 15, 2011, at approximately 11:00 p.m., forty-seven year old Valente Galindo III, the decedent, was at home in his bedroom located at 2177 Inman Way in San Jose, California. About the same time, San Jose Police Officers Lee Tassio and Anthony Kilmer were working in an undercover capacity with the San Jose Police Department's METRO unit. They were looking for a juvenile who had a probation warrant for his arrest.

2.     At approximately 11:15 p.m. the officers attempted to make consensual contact with an individual they thought could be the juvenile. This individual turned out to be Manuel Fuentes. Manuel Fuentes was not the juvenile they officers were looking for.   Manuel Fuentes refused the officers consensual contact and walked away. Officer Tassio exited his patrol vehicle and ran after Mr. Fuentes into decedent's house.

3.     Once Officer Tassio entered the decedent's house, he forced Mr. Fuentes down to the ground.  While on the ground, Mr. Fuentes threw a gun into a bedroom that was occupied by the decedent, Valente Galindo and Cynthia Barragan.  Officer Tassio alleges the decedent grabbed the gun and pointed it at him. Officer Tassio then fired one shot into decedent's chest. The gunshot wound would prove fatal. After the shooting, a .380 Baretta was recovered under decedent's bed. Both a subsequent DNA analysis, as well as a fingerprint analysis, excluded Valente Galindo from having contact with the gun.

4.     When Officer Kilmer entered the bedroom he saw decedent lying on the bed with one hand on his chest. The decedent   asked for help and informed the officers he could not breathe. Ignoring decedent's plea for help, Officer Kilmer handcuffed decedent and began questioning him. The decedent attempted to sit up, but the officers forced him to stay down. Only after decedent stopped moving did Officer Kilmer attempt to stop the bleeding.

5.     The force used by Officer Tassio and DOES 1-10, in shooting Valente Galindo III while he was unarmed and failing to administer medical aid after he was shot and wounded  was excessive, unreasonable and resulted in the wrongful death of Valente Galindo III.

2
FIRST AMENDED COMPLAINT FOR DAMAGES

6.     Plaintiffs CELINA GALINDO, SABRINA GALINDO and VALENTE GALINDO, IV, a minor, by and through his Guardian ad Litem, GINA PADILLA now bring this case to expose the wrongdoing of the defendants and to vindicate Valente Galindo III's (Decedent) civil rights.

**JURISDICTION AND VENUE**

7.     This Court has jurisdiction of the subject matter of this action under 42 U.S.C. Sections 1983 for the deprivation of rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States.  The jurisdiction of this court is predicated upon 28 U.S.C. Section 1331.

8.     The Court has personal jurisdiction over each named defendant named herein because the plaintiffs are informed and believe and on that basis allege that each defendant is currently domiciled in the State of California.

9.     The court has pendant and supplemental jurisdiction over the state law claims alleged herein pursuant to 28 U.S.C. Section 1367.  The pendant state law claims contained in this Complaint arises from the same nucleus of operative facts, and involves identical issues of fact and law, as the federal claims, such that the entire action constitutes a single case appropriate for prosecution as a single proceeding.

10.    On or about June 11, 2012, Plaintiffs presented a written claim for damages with the City of San Jose pursuant to California Government Code Section 910 et seq.   The Claim was rejected on July 10, 2012. This complaint is thus timely and properly commenced on all state claims pursuant to applicable provisions of the Government Code.

11.    Venue is proper in the Northern District of California, under 28 U.S.C. Section 1391(b)(1) and (2) because some or all of the defendants to this action reside in this District and because a substantial part, if not all, of the events or omissions giving rise to plaintiffs' claim occurred in this judicial district.

//

//

//

3

FIRST AMENDED COMPLAINT FOR DAMAGES

**INTRADISTRICT ASSIGNMENT**

12. Pursuant to Northern District Civil Local Rule 3-29 (c), intradistrict assignment to the San Jose Division of the Court is proper because a substantial part of the events or omissions giving rise to the claims herein occurred in the County of Santa Clara.

**PARTIES**

13. Plaintiffs, CELINA GALINDO, SABRINA GALINDO and V.G., IV, a minor, by and through his Guardian ad Litem, GINA PADILLA, are the natural children of Valente Galindo, III (Decedent), and are residents of the United States of America in Sacramento County, CA and afforded the protections and rights of the United States Constitution. Decedent, Valente Galindo, III, died intestate in California. Under the laws of California, including Probate Code §6402, the children are heirs and beneficiaries of Valente Galindo III, and this action is brought for the benefit of said heirs, who are entitled to recover all damages, costs and expenses allowable by statute.

14. Decedent, was, at the time of his death, a resident of the City of San Jose, County of Santa Clara, State of California, United States of America.

15. Defendant Officer Lee Tassio, sued in both his individual and official capacities is a resident of California on information and belief, and at all relevant times has been a Police Officer with the City of San Jose.

16. Plaintiffs are informed and believe, and thereon allege, that at all times mentioned herein, each and every defendant was the agent, servant, employee, and/or representative of each and every other defendant and, in doing the things complained of herein, was acting within the scope of that agency, service, employment and in concert, and/or representation, and that each and every defendant is jointly and severally responsible and liable to plaintiffs for the damages hereinafter alleged.

17. Plaintiffs are ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 10, inclusive, (Doe Defendants) and therefore sue said defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.

4
FIRST AMENDED COMPLAINT FOR DAMAGES

18. Plaintiffs are informed and believe and thereon alleges that each of the Doe Defendants is legally responsible and liable for the incident, injuries, and damages set forth herein, and that each of the defendants proximately caused said incident, injuries, and damages by reason of their violation of constitutional and legal rights, negligence, breach of duty, negligent supervision, management or control, or by reason of other personal, vicarious or imputed negligence, fault or breach of duty, whether severally or jointly, or whether based upon agency, employment or control or upon any other act or omission.

19. Each of the Defendants, including Does 1 through 10, caused and is responsible for the unlawful conduct described herein and the resulting injuries and death by, among other things, personally participating in the unlawful conduct or acting jointly or conspiring with others who did so, with deliberate indifference to plaintiffs' rights.

20. In doing the acts and/or omissions alleged herein, Defendant Officer Tassio and Doe Defendants acted under color of authority and/or under color of law and pursuant to his respective authorities as a police officer with the San Jose Police Department.

21. All individual defendants are guilty of fraud, oppression, and/or malice that would justify the imposition of punitive and exemplary damages

## FACTUAL ALLEGATIONS

22. On or about the evening of December 15, 2011, 47-year old Valente Galindo, III, was at home and in his bedroom watching television with his girlfriend, Cynthia Barragan. The home where Mr. Valente Galindo was residing was located at 2177 Inman Way in San Jose, California.

24. At that same time, Defendant Officer Lee Tassio, was on patrol Officer Anthony Kilmer in an unmarked police vehicle. Both officers were in plain clothes, but wearing a Police Ballistic Raid vests. Officer Tassio was the passenger, while Officer Kilmer was the driver.

25. Earlier in the evening, Officer Kilmer and Defendant Officer Tassio had received information from a Santa Clara County Probation Officer that two juveniles were wanted for probation violations. One of the individuals was identified as Jacob H. Officer Kilmer furnished Defendant Officer Tassio with the juveniles' photographs.

26. At approximately 5:00 p.m., Officer Kilmer received information that certain gang members were going to be conducting a meeting on La Porte Avenue. The officers responded to the area in case either juvenile was in attendance. After approximately fifteen minutes of surveillance, the officers did not see anyone and left the area.

27. At approximately 11:00 p.m., Officers Kilmer and Tassio were on patrol in an East San Jose neighborhood, looking for the wanted juveniles. While driving along Inman Way, Officer Kilmer saw two unknown subjects, later determined to be Manuel Fuentes and Desiree Contreras, walking on the sidewalk. Officer Kilmer pulled alongside these individuals and Officer Tassio said, "Hello," but received no acknowledgment. Fuentes and Contrearas continued to walk toward the residence located at 2177 Inman Way. Officer Tassio shouted out "Hello", a second time and both individuals continued to walk toward the residence. At this point, neither Fuentes nor Contreras had committed any crimes that the officers were aware of.

28. At this point, Officer Tassio and Officer Kilmer mistakenly believed that Manuel Fuentes was Jacob H., one of the juveniles they were looking for. Officer Tassio exited his unmarked police vehicle. Both of the aforementioned individuals continued toward the residence, opened the front door and began to go inside. Officer Tassio ran after the individuals into the home.

29. Once inside the home, Officer Tassio believed that Manuel Fuentes was attempting to brandish a weapon and pushed Fuentes to the floor with both hands on his back, causing Fuentes to fall on his face and chest in the hallway of the residence.

30. Fuentes was now lying on his stomach with both hands under his body. Officer Tassio then saw that Fuentes had a black semi-automatic handgun in his hand, which Fuentes threw on the floor of the bedroom to his left.

31. The room that Fuentes allegedly threw the gun into was occupied by Decedent Valente Galindo, III, and his girlfriend, Cynthia Barragan.

32. When Officer Tassio looked into the room, he saw Decedent sitting on his bed. Officer Tassio claims that he saw the decedent pick up the gun and point it at him. Officer Tassio further claims that he ordered the decedent to drop the gun, aimed his service revolver at

6
FIRST AMENDED COMPLAINT FOR DAMAGES

Decedent's torso, and fired a single round.  The Decedent was struck in the chest and eventually died.

33. A subsequent DNA and fingerprint examination of the firearm by the Santa Clara County Crime Laboratory excluded the decedent from having any contact with the gun.

35. After being shot, the decedent informed Defendant Officer Tassio that he could not breathe and asked for assistance.  Despite his pleas for help, but he was placed in handcuffs by the Defendants and forced to stay down while being questioned.  Only after being handcuffed and questioned did the officers begin to assist the Decedent with his gunshot wound.

36. The unnecessary and excessive force exercised by Defendant Officer Tassio and Doe Defendants against Decedent, by shooting him while he was unarmed, handcuffing him, and ignoring his pleas for help while laying wounded inside his own bedroom were substantial factors in causing his death

## FIRST CAUSE OF ACTION

### Violation of the Fourth Amendment to the United States Constitution

### 42 U.S.C. §§ 1983, 1981

### (Against All Defendants)

37. Plaintiffs re-allege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 36 of this Complaint.

38. Defendants' conduct violated the rights of Decedent, under the Fourth Amendment right to be free from unreasonable seizures. All the Defendants are liable to Plaintiffs under California State Law Civil rights violations.

39. These violations are compensable pursuant to 42 U.S.C. sections 1983 and 1981.

40. As a result of Defendants' conduct, plaintiffs have suffered significant physical harm, psychological harm and pain and suffering and the loss of life of Valente Galindo III.

41. Defendant Officer Tassio and Doe Defendants' acts and/or omissions were done willfully, deliberately, maliciously, and with reckless or deliberate indifference or conscious disregard to Decedent's  constitutional rights,  thereby entitling plaintiffs' to an award of exemplary or punitive damages.

7

FIRST AMENDED COMPLAINT FOR DAMAGES

42. The acts of the Defendants, and each of them, that constitute deprivation of Decedent's civil rights and are the basis of the claims herein include:

(a) Officer Tassio and Doe Defendants employed unnecessary and excessive force in Decedent, restraint and detention, inflicting physical trauma to body by shooting him while he was unarmed and not a threat to defendants. This trauma was a substantial factor in causing his death.

(b) Officer Tassio and Doe Defendants were grossly negligent or acted with reckless disregard for Decedent,   physical injuries when they placed him in handcuffs and interrogated him after he was shot and informed the defendants he could not breathe.

(c) Officer Tassio and Doe Defendants were also grossly negligent and acted with reckless disregard for the risk of decedent's injuries when they ignored Decedent's pleas for help while mortally wounded and forced him into handcuffs.

(d) As a direct and proximate result of defendant's conduct, Decedent experienced pain, suffering, emotional distress and the loss of life.

43. Plaintiffs Celina Galindo, Sabrina Galindo, and V.G., IV, a minor, by and through his guardian ad litem, Gina Padilla, bring this claim in each case individually and as successors-in-interest to Decedent, and in each case seek both survival damages and wrongful death damages for the violation of Decedent's rights.

44. Plaintiffs seek survival damages, without limitation, based on Decedent's pain and suffering and loss of enjoyment of life.

45. Plaintiffs seek wrongful death damages, without limitation, based on the loss of protection, guidance, advice, training, and nurturing from Decedent.

## SECOND CAUSE OF ACTION

**Violation of the Fourteenth Amendment Due Process to the United States Constitution**

**42 U.S.C. §§ 1983, 1981**

**(Against All Defendants)**

46. Plaintiffs re-allege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 36 of this Complaint.

8

FIRST AMENDED COMPLAINT FOR DAMAGES

47. Defendants' conduct violated Decedent's rights under the Fourteenth Amendment to the United States Constitution not to be deprived of liberty without due process of law.

48.    These violations are compensable pursuant to 42 U.S.C. sections 1983 and 1981.

49.    As a result of Defendants' conduct, Plaintiffs have suffered significant psychological and emotional harm, and pain and suffering, including the loss of care, comfort and society.

50.    Officer Tassio and Doe Defendants' acts and/or omissions were done willfully, deliberately, maliciously, and with reckless or deliberate indifference or conscious disregard to Decedent's constitutional rights, thereby entitling plaintiffs to an award of exemplary or punitive damages.

51. The acts of the Defendants constituted the deprivation of Decedent's civil rights are the basis of the claims that herein include:

(a)    Officer Tassio and Doe Defendants employed unnecessary and excessive force in Decedent's restraint and detention, inflicting physical trauma by shooting him in the chest while he was unarmed.  This trauma was a substantial factor in causing his death. As a result, the right to familial association, without under influence from the state as guaranteed Plaintiffs by the due process clause of the United States Constitution was violated.

(b)    Officer Tassio and Doe Defendants were grossly negligent or acted with reckless disregard for the risk of physical injuries and death when they forced Decedent to stay down in handcuffs after being shot and was bleeding to death.

(c)    Officer Tassio and Doe Defendants were also grossly negligent and acted with reckless disregard for the risk of Decedent's injuries when they ignored his pleas that he was in pain, could not breathe, and wanted help.

### THIRD CAUSE OF ACTION

**Wrongful Death**

**(Against All Defendants)**

52.    Plaintiffs repeat and re-allege each and every allegation in Paragraphs 1 through 36 of this Complaint as if specifically alleged therein and incorporates said Paragraphs by this

9

FIRST AMENDED COMPLAINT FOR DAMAGES

reference.

53. Defendants' unlawful conduct resulted in the wrongful death of Decedent.

54. As a result of Defendants' actions, Plaintiffs have suffered a tremendous loss of companionship, comfort advice, affection solace and society of their father.

## FOURTH CAUSE OF ACTION

### (Negligence)

### (Against All Defendants)

55. Plaintiffs reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 36 of this Complaint.

56. Defendants were negligent, and/or reckless and such conduct caused harm to Plaintiffs. Defendants were negligent and/or reckless in performing their duties and failed, neglected, and/or refused to properly and fully discharge their responsibilities by, among other things:

   a. Using unnecessary, excessive force against Decedent, which would not have been applied by a reasonable police officer under the circumstances;

   b. Proceeding to effectuate an arrest and detention in the absence of a crime being committed by pointing a gun at the decedent and shooting Decedent while he was unarmed;

   c. Grossly miscalculating the inherent dangerousness of the situation and thereby creating a situation in which serious bodily harm or death would likely result;

   d. Failing to practice and follow sufficient police procedures to ensure the officers and the public's safety;

   e. Failing to exercise the proper method of arresting and detaining individuals that resulted in the unnecessary escalation of force; and

57. As a result of Defendants' conduct, Plaintiffs have suffered significant physical and emotional harm, pain and suffering, and the loss of life.

//
//
//

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against all Defendants, and each of them, as follows:

   A. For compensatory damages, including both survival damages and wrongful death damages under federal and state law, in the amount to be proven at trial;

   B. For treble damages;

   C. For funeral and burial expenses, and loss of financial support;

   D. For punitive damages against the individual defendants in an amount to be proven at trial;

   E. For interest;

   F. For reasonable costs of this suit and attorneys' fees; and

   G. For such further other relief as the Court may deem just, proper, and appropriate

DATED: July 9, 2014　　　　　　　　　　LAW OFFICES OF DALE K. GALIPO
　　　　　　　　　　　　　　　　　　　　MORALES & LEAÑOS


　　　　　　　　　　　　　　　　　　By:　　*/s/ Dale K. Galipo*
　　　　　　　　　　　　　　　　　　　　Dale K. Galipo
　　　　　　　　　　　　　　　　　　　　Jaime Leaños
　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintifs

**JURY DEMANDED**

Plaintiffs hereby demand trial by jury on any and all issue's triable by a jury.

DATED: July 9, 2014                    LAW OFFICES OF DALE K. GALIPO
                                       MORALES & LEAÑOS


                                       By:   ___/s/ Dale K. Galipo_____
                                             Dale K. Galipo
                                             Jaime Leaños
                                             Attorneys for Plaintifs

FIRST AMENDED COMPLAINT FOR DAMAGES

12